# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.

Donna Johnson
5 Pearl Street
Clinton, CT 06413

**JUDGMENT IN A CRIMINAL CASE**

CASE NO. 3:03CR198 (RNC)

H. Gordon Hall, Assistant U.S. Attorney

Robert Y. Altchiler
Defendant's Attorney

The defendant pled guilty to count twenty-six of an indictment after a plea of not guilty. Accordingly, the defendant is adjudged guilty of count twenty-six, which involves the following offense:

Title & Section: 21 U.S.C. § 841(a)(1), (b)(1)(C)       Count: twenty-six
Nature of Offense: Possession with the Intent to Distribute Heroin
Date Offense Concluded: June 23, 2003

The sentence is imposed pursuant to the Sentencing Reform Act of 1984 based on information provided to the court pursuant to Fed. R. Crim. P. 32. The court departs downward, in the absence of objection, pursuant to U.S.S.G. § 5H1.4, based on the defendant's medical disability and need for surgical treatment.

The defendant is hereby sentenced to probation for a term of 5 years with the following special condition: (1) the defendant will participate in a program of substance abuse monitoring, counseling, and treatment under the direction of the Probation Office; the defendant will pay all, or a portion of, the costs associated with substance abuse treatment, based on her ability to pay, in an amount to be determined by the Probation Office.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until the special assessment imposed by this judgment is fully paid.

In addition to the special conditions of probation imposed above, it is hereby ordered that the conditions of probation set out on the reverse side are also imposed.

Count two of the indictment is dismissed on the oral motion of the United States.

It is ordered that the defendant will pay a special assessment of $100 for count twenty-six, which will be due immediately.

May, 9, 2005
Date of Imposition of Sentence

Robert N. Chatigny, United States District Judge
Date: May 10, 2005

CERTIFIED AS A TRUE COPY
ON THIS DATE _____
Kevin F. Rowe, Clerk
BY: _____
    Deputy Clerk

**STANDARD CONDITIONS OF SUPERVISED RELEASE/PROBATION**

While on supervised release or probation, the defendant shall abide by the following conditions in addition to any special conditions set by the court:

(1) The defendant shall not commit another federal, state, or local crime;
2) The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons; and shall submit a truthful and complete written report within the first 5 days of each month;
3) The defendant shall pay any such restitution and fines that remains unpaid at the commencement of the term of supervised release;
4) The defendant shall not leave the judicial district without the permission of the court or probation officer;
5) The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
6) The defendant shall support his or her dependents and meet other family responsibilities;
7) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
8) The defendant shall notify the probation officer within 72 hours of any change in residence or employment;
9) The defendant shall not possess a firearm or destructive device.
10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
13) The defendant shall permit a probation officer to visit him/her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
14) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
15) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

--------------------------------------------------------

**RETURN**

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this judgment.

<u>John F. Bardelli</u>
United States Marshal

By: _____
Deputy Marshal